MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL (SBN 257163)
cgonell@morganlewis.com
CHRISTOPHER M. ROBERTSON (SBN 139449)
crobertson@morganlewis.com
JONATHAN C. ARNETT (SBN 255135)
jarnett@morganlewis.com
5 Park Plaza
Suite 1750
Irvine, CA  92614
Tel:   949.399.7000
Fax:   949.399.7001

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAES, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, a New York Corporation; and, CHASE HOME FINANCE LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,,<br><br>Defendants. | Case No. **'12CV0782 JAH  MDD**<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>Diversity Jurisdiction Under The Class Action Fairness Act<br><br>[28 U.S.C. §§ 1332, 1441, 1446 and 1453]<br><br>Complaint Filed:   February 3, 2012<br>Trial Date:            None Set |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant JPMORGAN CHASE BANK, N.A.[1] ("Chase") hereby removes the above-entitled action from the Superior Court of the State of California, in and for the County of San Diego, to the United States District Court for the Southern District of California.  Removal is based on the following grounds:

---

[1] "Chase Home Finance LLC" is not presently an extant corporate entity.

I.      **SUMMARY OF THE COMPLAINT**

On or about February 3, 2012, Plaintiff Daniel Maes ("Plaintiff") filed a putative class action complaint on behalf of himself and a putative class of all individuals who are or previously were employed by Chase or Defendant Chase Home Finance, LLC ("CHF" and, together with Chase, "Defendants") in California as "Business Analysts" or "Information Analysts" and were classified as exempt from overtime wages at any time from February 3, 2008, to the date determined by the Court (the "California Class").  Ex. A, Plaintiff's Class Action Complaint ("Complaint") ¶ 29.  Plaintiff also purports to bring two of his claims (his second cause of action for failure to pay overtime wages and his third cause of action for failure to provide accurate itemized wage statements) on behalf of all members of the California Class who are or previously were employed by Defendants in California as "Business Analysts" or "Information Analysts" and were classified as exempt from overtime wages during the period of February 3, 2009, to the date determined by the Court (the "California Labor Sub-Class").  Complaint ¶ 41.  Plaintiff asserts his claims on behalf a putative class that, based on a review of Chase's employees' jobcode descriptions, has over 100 putative class members.  Ex. B, Declaration of Sharon Young ("Young Decl.") ¶ 3, Ex. 1, spreadsheet showing the start and end dates of employment and annual salary for exempt, non-managerial employees in the Mortgage line of business in California while they held positions with a jobcode description including the words "Business" and "Analyst" or "Information" and "Analyst" (hereinafter collectively "Business Analysts and Information Analysts") between February of 2008 and March of 2012.

In his second cause of action, Plaintiff alleges that he, and the members of the putative California Class and California Labor Sub-Class whom he purports to represent, were improperly denied overtime compensation.  Complaint ¶¶ 65-85.  Plaintiff's overtime claim is based on his allegation that he and the putative class members "regularly work ten (10) to twelve (12) hours each workday and ten (10) to twenty (20) hours of overtime each workweek."  Complaint ¶ 11.  In his third cause of action, Plaintiff claims that Defendants have failed to provide him and the members of the putative California Class and California Labor Sub-Class with accurate itemized wage statements.  Complaint ¶¶ 86-89.  In his first cause of action, Plaintiff alleges, on behalf of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23061315.1

2                                     NOTICE OF REMOVAL

himself and the members of the putative California Class and California Labor Sub-Class, that Defendants engaged in unfair competition under California Business & Professions Code Section 17200, *et seq.* by classifying the putative class members as exempt (Plaintiff's "UCL claim"). Complaint ¶¶ 54-64.

In connection with his claim for overtime wages, Plaintiff seeks to recover all regular and overtime wages purportedly owed to him and the members of the putative California Class and California Labor Sub-Class. Complaint, Prayer for Relief ¶ 2(B). Plaintiff also seeks to recover waiting time penalties pursuant to California Labor Code Section 203 ("Section 203") on behalf of all members of the putative California Labor Sub-Class who were terminated during the period of February 3, 2009 to February 3, 2012. Complaint, Prayer for Relief ¶ 2(C). In connection with his UCL claim, Plaintiff seeks restitution and injunctive relief in the form of an order enjoining Defendants from engaging in the conduct alleged in the Complaint and requiring Defendants to correctly calculate and pay all wages purportedly withheld from Plaintiff and the members of the putative California Class. Complaint, Prayer for Relief ¶ 1(C). Plaintiff also seeks to recover attorneys' fees in connection with his claims.

Based on the size of the putative class and the allegations in the Complaint, it is clear that the amount placed in controversy in this action exceeds $5 million.

## II.   THE REMOVAL IS TIMELY

Chase has timely removed this action within thirty days of service. Plaintiff served Chase's agent for service of process in California with the Complaint on February 29, 2012. Because this Notice of Removal is filed within thirty days of service of the Complaint on Chase, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

This Court has original subject matter jurisdiction based on diversity of citizenship under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because plaintiff is diverse

from Chase and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). Plaintiff brings this action as a putative class action, and alleges that he is a citizen of California. Complaint ¶ 29. Chase is not a citizen of California, but is a citizen of Ohio. *See* Ex. C, Articles of Association for JPMorgan Chase Bank, National Association (as Amended June 30, 2008). Furthermore, CHF does not presently exist as a corporate entity. Finally, Plaintiff's class claims, when aggregated for potential class members, put into controversy an amount in excess of $5 million. Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

### A. Diversity Exists Between The Parties

The parties meet the diversity requirements of CAFA because Plaintiff is a citizen of a different state from Defendants. 28 U.S.C. § 1332(d)(2)(A) (providing that diversity is met under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Diversity therefore exists between the parties under CAFA.

#### 1. Plaintiff is a Citizen of California.

Plaintiff alleges that he works at Chase's San Diego location and resides in California. Complaint ¶ 7. For diversity purposes, Plaintiff is therefore considered a citizen of California.

#### 2. Defendants Are Not Citizens of California.

For diversity determination purposes, Chase is diverse from Plaintiff because Chase is <u>not</u> a citizen of California. Chase is, and at all pertinent times was, a federally chartered national bank with Columbus, Ohio designated in its articles of association as the locus of its main office. *See* Ex. C, Articles of Association for JPMorgan Chase Bank, National Association (as Amended June 30, 2008).

Pursuant to 28 U.S.C. § 1332 and 1348, and the United States Supreme Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that national banks are "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office), Chase is "located," for diversity purposes, in Columbus, Ohio.

CHF does not presently exist as a corporate entity. On May 1, 2011, CHF merged into

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23061315.1

4    NOTICE OF REMOVAL

Chase and ceased to exist as a separate entity. *See* Ex. D, Declaration of Carrie Gonell ("Gonell Decl.") ¶ 2, Ex. 1, State of Delaware Certificate of Merger of Chase Home Finance, LLC and JPMorgan Chase Bank, N.A. When in existence, Chase Home Finance LLC was a Delaware limited liability company with a principal place of business in New Jersey.

Although Plaintiff has named 50 fictitious "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

Accordingly, Defendants are not residents of California for diversity jurisdiction purposes, and are therefore diverse from Plaintiff.

### B. The Amount That Plaintiff Places in Controversy Exceeds $5 Million

#### 1. Standard for Defendants' *Prima Facie* Case Concerning The Amount That Plaintiff Places in Controversy.

Pursuant to CAFA, the amount in controversy component of diversity jurisdiction is satisfied when the aggregated claims of the individual members in a class action exceed the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6). Furthermore, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief.)." Senate Judiciary Report, S. REP. 109-14, at 42.

The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 995 (9th Cir. 2007). In measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citation omitted).

Where, as here, a plaintiff does not expressly plead a specific amount of damages, a defendant need only make a *prima facie* showing that it is more likely than not that the amount in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23061315.1

5   NOTICE OF REMOVAL

controversy exceeds $5 million.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Behrazfar v. Unisys Corp.*, No. SACV 08-0850 AG (RCx), 2009 WL 5064323, at *2 (C.D. Cal. Dec. 15, 2009).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).  This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Korn*, 536 F. Supp. at 1204-05.

Although Chase denies Plaintiff's factual allegations and denies that he or the putative class that he purports to represent are entitled to the relief for which he has prayed, or that they are similarly situated in any respect, Plaintiff's claims, when combined with the actual number of workweeks worked by the members of the putative class as set forth in 28 U.S.C. § 1332(d)(6), put into controversy an amount that far exceeds the $5 million threshold.  Plaintiff's claims for overtime and injunctive relief alone put a combined total of at least $5,674,307.60 into controversy.[2]  When adding attorneys' fees at the 25 percent benchmark recognized by the Ninth Circuit, those fees would be at least $1,418,576.90 resulting in a total amount in controversy of at least **$7,092,884.50**.

        2.    <u>Plaintiff's Claims for Unpaid Overtime Put Into Controversy Over $3 Million.</u>

Plaintiff alleges that Chase systematically failed to pay overtime compensation to members of the putative California Class and California Labor Sub-Class in violation of California law.  Complaint ¶¶ 13, 72.  Furthermore, Plaintiff alleges that he and the California Class members whom he purports to represent "regularly work . . . ten (10) to twenty (20) hours of overtime each workweek."  Complaint ¶ 11.

Taking these allegations to be true, the amount in controversy arising from Plaintiff's overtime claim is over $3 million.  The California Class members whom Plaintiff purports to

---

[2] This total does not even include the amounts placed in controversy by Plaintiff's requests for waiting time and wage statement penalties, which further increase the total amount put in controversy by the Complaint.

represent worked at least 7,605.72 workweeks during the period of February 3, 2008 to the present. Young Decl. ¶ 2-3, Ex. 1. The average overtime rate of the putative California Class members would be $52.54. *Id.* Multiplying the 7,605.72 total number of class workweeks by **10** hours of purportedly unpaid overtime and the average overtime rate of $52.54 results in an amount in controversy of **$3,073,880.90**, calculated as follows[3]:

   7,605.72 workweeks x 10 hrs. OT per workweek x 40/52 x $52.54/hr OT rate =
   $3,073,880.90

If the amount of overtime worked is increased to **15** overtime hours per workweek, which is the average of the range of overtime hours that Plaintiff alleges, then the total amount placed in controversy by Plaintiff's claim for purportedly unpaid overtime wages increases to **$4,610,821.40**:

   7,605.72 workweeks x 15 hrs. OT per workweek x 40/52 x $52.54/hr OT rate =
   $4,610,821.40

If the amount of overtime worked is increased to 20 overtime hours per workweek, which is the high end of the range of overtime hours that Plaintiff alleges, then the total amount placed in controversy by Plaintiff's claim for purportedly unpaid overtime wages increases to **$6,147,761.60**:

   7,605.72 workweeks x 20 hrs. OT per workweek x 40/52 x $52.54/hr OT rate =
   $6,147,761.60

Accordingly, multiplying the <u>actual</u> number of workweeks for the Business Analysts and Information Analysts during the class period by the number of weekly overtime hours alleged by Plaintiff, and accounting for a conservative estimate of days not actually worked, results in an amount in controversy of over $3 million.

### 3. The Growing Potential Value of Plaintiff's Unpaid Overtime Claim Increases the Amount in Controversy.

---

[3] This calculation accounts for time off taken by the putative class members during the class period by multiplying the total number of overtime hours during the class period by 40/52 – *i.e*., by providing for 12 missed or partially worked weeks of work per year. This estimate is conservative, given that Chase employees typically work the equivalent of at least 40 weeks out of a 52-week year. Young Decl. ¶ 4.

According to the Federal Judicial Caseload Statistics published on the United States District Court website, the median time interval for resolution of civil cases going to trial in the United States District for the Southern District of California for the period of April 1, 2010 to March 31, 2011 was 30.3 months. *See* Gonell Decl. ¶ 3, Ex. 2, Table C-5, U.S. District Courts – Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending March 31, 2011, p. 3. Given the complex nature of this putative wage and hour class action, it is likely that the time required to resolve this matter would exceed the 30.3-month median if it were to go to trial. Based on the 7,605.72 workweeks worked by the Business Analysts and Information Analysts during the 50-month period from February 3, 2008 to the present (*i.e.*, 152.11 workweeks per month), it is reasonable to expect that the putative class members will work a total of more than 4,608.93 workweeks during the over 30.3-month period leading up to trial (30.3 months x 152.11 workweeks per month = 4,608.93 workweeks). If, as Plaintiff alleges, the putative class members will work at least **10** hours of overtime hours per workweek during the time period leading up to trial, then Plaintiff's overtime claim places an additional **$1,862,716.70** in controversy, calculated as follows:

   4,608.93 workweeks x 10 hrs. OT per workweek x 40/52 x $52.54/hr OT rate =
   $1,862,716.70

If the putative California Class members work **15** hours of overtime per workweek during this period, then the amount in controversy increases to **$2,794,075.10**, calculated as follows:

   4,608.93 workweeks x 15 hrs. OT per workweek x 40/52 x $52.54/hr OT rate =
   $2,794,075.10

Thus, the growing value of Plaintiff's alleged unpaid overtime claim increases the amount in controversy by at least $1.8 million.

    4. <u>The Complaint Also Seeks Injunctive Relief.</u>

In connection with Plaintiff's UCL claim, Plaintiff seeks injunctive relief in the form of an order that, *inter alia*, requires Chase to begin paying the wages, including overtime wages, that Plaintiff claims that Chase is withholding from him and the members of the California Class

whom he purports to represent. Complaint, Prayer for Relief ¶ 1(C). For purposes of valuing injunctive relief going forward, an extremely conservative approach is to use the equivalent cost of one year's worth of overtime pay. *See, e.g., Lyon v. W.W. Grainger*, No. C. 10-00884 WHA, 2010 WL 1753194, at *2 (N.D. Cal. Apr. 29, 2010) (applying this approach as a notably conservative estimate of the injunctive relief value). Using this conservative approach in this matter shows that Plaintiff's claim for injunctive relief places over $730,000 of overtime wages in controversy. Based on the 152.11 workweeks per month worked by the putative class members during the 50-month class period, it is reasonable to expect that the putative class members would work a total of 1,825.32 workweeks during a twelve-month injunctive period (12 months x 152.11 workweeks per month = 1,825.32 workweeks). If, as Plaintiff alleges, the putative class members will work at least **10** overtime hours per workweek during this period, then Plaintiff's claim for injunctive relief places at least **$737,710.09** in overtime wages alone in controversy, calculated as follows:

1,825.32 workweeks x 10 hrs. OT per workweek x 40/52 x $52.54/hr OT rate = $737,710.09

If the putative class members work an average of **15** hours of overtime per workweek, which is the average of the range of overtime hours alleged by Plaintiff, then the total amount of overtime wages at issue increases to **$1,106,565.10**:

1,825.32 workweeks x 15 hrs. OT per workweek x 40/52 x $52.54/hr OT rate = $1,106,565.10

Thus, the potential value of the alleged injunction in overtime wages increases the amount placed in controversy by over $737,000.

### 5. The Complaint Also Seeks Recovery of Attorneys' Fees.

Plaintiff also seeks attorneys' fees. Attorneys' fees are properly included in determining the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation.").

Although Chase denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25 percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Given the $5,674,307.60 amount in controversy based on 10 hours of overtime per workweek discussed above ($3,073,880.90 + $1,862,716.70 + $737,710.09 = $5,674,307.60), an award of such attorneys' fees would increase the amount in controversy by **$1,418,576.90** (25 percent of $5,674,307.60). Thus, adding these statutory attorneys' fees further increases Plaintiff's alleged amount in controversy well in excess of $5 million.

### 6. The Amount in Controversy Is Satisfied for Diversity Jurisdiction Purposes.

Thus, although Chase denies Plaintiff's allegations and denies that he or the putative class members whom he purports to represent are entitled to the relief for which he has prayed, based on Plaintiff's allegations, theories, and prayer for relief, he has placed at least $7,092,884.50 in controversy ($4,936,597.60 for overtime wages during the class period and leading up to trial, injunctive relief worth in excess of $737,710.09, and attorneys' fees of $1,418,576.90),[4] which far exceeds the $5 million threshold set forth under CAFA. Because there is diversity between the parties and the amount in controversy threshold has been satisfied in this Action, this Court has original subject matter jurisdiction to hear this dispute.

## IV. VENUE

This action was originally filed in the Superior Court for the County of San Diego. Venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

Chase will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as

---

[4] This total is based on the low end of the range of overtime hours alleged by Plaintiff, and does not even include the amounts placed in controversy by Plaintiff's requests for waiting time and wage statement penalties, which further increase the total amount put in controversy by the Complaint.

1  required under 28 U.S.C. § 1446(d).

2  True and correct copies of Plaintiff's original Complaint, Civil Case Cover Sheet, and Summons are attached hereto as Exhibit A.

4  A true and correct copy of the Young Declaration in support of removal is attached hereto as Exhibit B.

6  A true and correct copy of the Articles of Association for JPMorgan Chase Bank, National Association (as Amended June 30, 2008) is attached hereto as Exhibit C.

8  A true and correct copy of the Gonell Declaration in support of removal is attached hereto as Exhibit D.

10  A true and correct copy of Chase's Answer, filed in the Superior Court, is attached hereto as Exhibit E.

## VI. CONCLUSION

Based on the foregoing, Chase respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Chase respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Dated: March 30, 2012

MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL
CHRISTOPHER M. ROBERTSON
JONATHAN C. ARNETT

By   /s/ Carrie A. Gonell
CARRIE A. GONELL
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 23061315.1

11   NOTICE OF REMOVAL

§JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Daniel Maes, an individual, on behalf of himself, and on behalf of all persons similarly situated

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Norman B. Blumenthal / Kyle R. Nordrehaug / Aparajit Bhowmik
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037; Tel: 858.551.1223

## DEFENDANTS
JPMorgan Chase Bank, N.A. a New York Corporation

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'12CV0782 JAH MDD**

Attorneys (If Known)
Carrie A. Gonell / Christopher M. Robertson / Jonathan C. Arnett
Morgan, Lewis & Bockius LLP
5 Park Plaza, Suite 1750, Irvine, CA 92614; Tel: 949.399.7000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party) (aef)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332, 1441, 1446, 1453    28:1331 Fed. Question (aef)

Brief description of cause:
Putative wage and hour class action

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: March 30, 2012

SIGNATURE OF ATTORNEY OF RECORD: /s/ Carrie A. Gonell

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# PROOF OF SERVICE

*Maes v. JP Morgan Chase Bank, N.A. et al.*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On March 30, 2012, I served on the interested parties in this action the within document(s) entitled:

**CIVIL COVER SHEET**

☐ **BY FAX: (C.C.P. § 1013(a),(e); CRC 2008)** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

☐ **BY MAIL: (C.C.P. § 1013(a))** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **OVERNITE EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

☐ **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

☐ **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on March 30, 2012. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is chachiya@morganlewis.com.

| | |
|---|---|
| ☐ **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: | |

| | |
|---|---|
| BLUMENTHAL, NORDREHAUG & BHOWMIK<br>Norman B. Blumenthal, Esq.<br>Kyle R. Nordrehaug, Esq.<br>Aparajit Bhowmik, Esq.<br>2255 Calle Clara<br>La Jolla, CA 92037<br>Phone: 858.551.1223<br>Fax:    858.551.1232 | Attorneys for Plaintiff DANIEL MAES |

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on March 30, 2012, at Irvine, California.

_____
Cindy J. Hachiya

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 23070289.1

2

PROOF OF SERVICE