UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAES, on behalf of himself and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE, et al.,<br><br>    Defendants. | Case No. 12cv782-JAH (MDD)<br><br>ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE - DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO IDENTIFY CLASS MEMBERS<br><br>[ECF NO. 49] |

Before the Court is the joint motion for determination of a discovery dispute filed on February 12, 2013. (ECF No. 49). The dispute regards Plaintiff's request for contact information for all putative class members and aggrieved employees. The Court held a hearing on March 1, 2013. For the following reasons, Plaintiff's motion is **DENIED**.

## History of the Dispute

On October 31, 2012, the parties filed a joint motion to determine a discovery dispute regarding Defendants' responses to two interrogatories. (*See* ECF No. 26). Interrogatory No. 5 required

Defendants to state the job duties performed by all class members during the relevant period.  Interrogatory No. 6 required Defendants to identify all putative class members and aggrieved employees.  Regarding Interrogatory No. 5, Defendants asserted, among other things, that the job titles of the employees who would be part of the putative class are structural only and there are no specific job descriptions or duties assigned to the various titles.   Consequently, it was not possible to describe all of the job duties performed by potential class members.  Regarding Interrogatory No. 6, Defendants asserted that discovery of the identities of putative class members was premature and there was an insufficient basis to require it.  (*Id*.).

On November 26, 2012, the Court held a conference in chambers regarding four pending discovery disputes including the dispute over Interrogatories Nos. 5 and 6.  (ECF No. 37).  Following the conference, the Court issued an Order requiring a further response from Defendants regarding Interrogatory No. 5.  Regarding Interrogatory No. 6, the Court declined to require Defendants to produce contact information for putative class members pending their supplemental response to Interrogatory No. 5.  (ECF No. 38).

On December 17, 2012, in advance of a case management conference, Defendants filed a notice regarding their compliance with the Court's Order for supplementation of their answer to Interrogatory No. 5.  (ECF No. 43).  Plaintiff disputes that the response to Interrogatory No. 5 is sufficient and, consequently, is pressing for a ruling regarding Interrogatory No. 6 in the instant joint motion filed on February 12, 2013.  (ECF Nos. 48, 49).

Legal Standard

Prior to certification of a class, some discovery regarding the class may be appropriate. *See Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir. 2009)("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Discovery likely is warranted where the requested discovery will resolve factual issues necessary for the determination of whether the action may be maintained as a class action. *Kamm v. California City Development Co.,* 509 F.2d 205, 210 (9th Cir. 1975). Plaintiff carries the burden of making either a *prima facie* showing that the requirements of Fed.R.Civ.P. 23(a) to maintain a class action have been met or "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985).

Analysis

Defendants supplemental response to Interrogatory No. 5 describes a system wherein employees who carry identical job titles may have very different job duties even within the same office. Defendants also provided an extensive list of the possible job duties within the various job titles. (*See* ECF 43-1 at pages 5-12). Plaintiff has presented no evidence that the supplemental response is incomplete or inadequate. The Court finds that no further supplementation is required except as provided at Fed.R.Civ.P. 26(e).

Interrogatory No. 6 called upon Defendants to identify all class members and aggrieved employees.[1] Plaintiff's counsel conceded that

---

[1] In addition to class allegations, Plaintiff brought a claim pursuant to the Private Attorneys General Act ("PAGA") under California law. Cal. Labor Code §§ 2968 *et seq.* Under California law, a PAGA action need not meet the procedural requirements of a class action. *Arias v. Superior Court,*

Plaintiff cannot meet the burden of showing a *prima facie* case for class certification at this time. Plaintiff has offered no evidence that the discovery sought likely would substantiate the class allegations. Applying *Mantolete*, the Court **DENIES** Plaintiff's motion to compel a response to Interrogatory No. 6.

Assuming that Plaintiff did meet the burden under *Mantolete* of showing that the requested discovery likely would substantiate the class allegations, the Court would have authorized some discovery. As the Court explained at the hearing, the discovery would have been of some percentage of the potential class. *See, e.g., Murphy v. Target Corp.,* 2011 WL 2413439 (No. 09cv1436 S.D. Cal. June 14, 2011). The parties confirmed at the hearing on this matter that the putative class contains approximately 83 potential members. Defendants assert that 58 of the potential class members have arbitration clauses in their employment agreements rendering them ineligible for membership in the class. (ECF No. 49 at ECF pp. 27-28). Counsel for Plaintiff confirmed at the hearing that Plaintiff has the contact information for eight potential class members that worked in the same office as Plaintiff. According to Plaintiff's counsel, the eight potential class members have not been contacted based upon a concern that such contact might be viewed as improper. Counsel for Defendants, however, disclaimed any such concern.

Plaintiff has the contact information of roughly 10% of the entire class and as much as roughly 30% of the class if the arbitration clauses

---

46 Cal.4th 969 (2009),The federal courts in California, even within this District, are split on the issue. *Compare Ivey v. Apogen Technologies, Inc.*2011 WL 3515936 (S.D. Cal. 2011) *with Williams v. Lockheed Martin Corp.,* Case No. 090cv1669, ECF No. 134 (S.D. Cal. May 24, 2012). Until such time as class certification in this case is resolved, the Court will not differentiate the causes of action for discovery purposes.

in the employment agreements are determined to be valid. Plaintiff has at least as much, if not more, contact information than would have been authorized by the Court. It would be grounds to deny the motion that Plaintiff has the information that the Court would have otherwise authorized. *See Taylor v. Waddell & Reed, Inc.,* 2012 WL 5574876 (No. 09cv2909 S.D. Cal. April 27, 2012). The Court finds that Plaintiff should be able to determine the feasibility of proceeding with a motion for class certification with the information available to him.

## Conclusion

For the foregoing reasons, Plaintiff's motion to compel Defendants to respond to Interrogatory No. 6 and identify the class members and aggrieved employees is **DENIED**.

DATED: March 5, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge