UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAES, on behalf of himself and on behalf of all persons similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE, et al.,<br><br>   Defendants. | Case No. 12cv782-JAH (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE - GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CERTAIN PAGA-RELATED DISCOVERY<br><br>[ECF NO. 72] |

Before the Court is the joint motion for determination of a discovery dispute filed on December 24, 2013. (ECF No. 72). Through certain Interrogatories and Requests for Production, Plaintiff seeks the employment records of 16 non-parties who are or were employed by Defendants. Plaintiff claims that these individuals potentially are "aggrieved employees" under California's Labor Code Private Attorneys General Act ("PAGA"). Plaintiff has chosen not to seek certification of a class under Fed.R.Civ.P. 23. Defendants object on the grounds that Plaintiff may not maintain a PAGA representative action in this Court without compliance with Fed.R.Civ.P. 23 and has not made a *prima facie* showing that the identified employees are potentially aggrieved.

Defendants assert that many of the identified individuals cannot be "aggrieved" under the law.

For the following reasons, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

<u>Discussion</u>

Defendants assert that Plaintiff is not entitled to PAGA discovery because Plaintiff has not satisfied the requirements of Fed.R.Civ.P. 23. Although there has not yet been a ruling by the Court of Appeals for the Ninth Circuit, the majority of district courts that have considered this issue have ruled that PAGA actions may be maintained without class certification under Rule 23. *See, e.g., Moua v. International Business Machines, Corporation,* 2012 WL 370570 at *3-4 (N.D. Cal. Jan. 31, 2012). It is not for this Court to determine whether Plaintiff can maintain this representative action, the question is whether Plaintiff is entitled to discovery. Defendants have not moved to dismiss or to strike Plaintiff's PAGA cause of action. Under these circumstances, this Court finds that denial of discovery is unwarranted.

Defendants also assert that Plaintiff is not entitled to discovery regarding the 16 identified individuals because Plaintiff has not made a *prima facie* showing that these individuals likely are "aggrieved" under the law. Defendants rely on *Jeske v. California Department of Corrections and Rehabilitation, et al.*, 2012 WL 1130639 (E.D. Cal. March 30, 2012), for the proposition that this *prima facie* showing is required. *Jeske*, however, involved a motion to dismiss plaintiff's PAGA claims as overbroad. *Id.* at *1-3. In that context, the court found that Plaintiff failed to adequately identify aggrieved employees beyond reference to their employment with defendant and granted the motion to dismiss.

1  Regarding discovery, the court in *Jeske* said that plaintiff must
2  make a *prima facie* showing that there has been a violation before
3  discovery may occur.  *Id.* at *3.  In support of that proposition, the court
4  relied on Fed.R.Civ.P. 26(b)(1).  Rule 26(b)(1) provides only that the
5  scope of discovery is limited to "any nonprivileged matter that is
6  relevant to any party's claim or defense."  It is not clear to this Court
7  the manner in which Rule 26(b)(1) requires a *prima facie* showing
8  before discovery may be had.  Consequently, *Jeske* is not persuasive on
9  that point.

10  In the related context of class action litigation, in order to obtain
11  pre-certification class discovery, a plaintiff carries the burden of
12  making either a *prima facie* showing that the requirements of
13  Fed.R.Civ.P. 23(a) to maintain a class action have been met or "that
14  discovery is likely to produce substantiation of the class allegations."
15  *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985).  In the context
16  of a PAGA representative action, the Court finds sufficient similarity
17  with class actions such that the same logic applies.  The Court finds
18  that in the ordinary case, a plaintiff must do more than merely allege
19  that a non-party may be aggrieved in order to obtain discovery that
20  may invade privacy rights of third parties and may constitute an
21  unwarranted burden on a defendant.

22  In the instant case, however, the pool of potential aggrieved
23  employees is limited to the 16 identified by Plaintiff.  The Court agrees
24  with Plaintiff that the requested discovery does not impose a
25  substantial burden on Defendants.  The Court also agrees with
26  Defendants that the requested discovery does implicate the privacy
27  interests of the identified individuals.  In addition, Defendants assert
28  that the 16 identified persons include individuals who cannot qualify as

aggrieved employees in this action because they did not, at any relevant time, carry the job titles of employees that Plaintiff purports to represent, or they did not work in California, or they signed severance agreements releasing all claims or signed binding arbitration agreements.  Considering the size of the pool, the Court will exercise its discretion and not require Plaintiff to make a *prima facie* showing regarding the 16 at this time.  Instead, the Court will limit discovery based upon the relevant allegations of the complaint.

In his First Amended Complaint, Plaintiff identifies the aggrieved employees that he intends to represent as follows:

> PLAINTIFF brings this Representative Action on behalf of the State of California with respect to himself and all other individuals who are or previously were employed by DEFENDANT as "Business Analysts," "Business Analysts II," "Business Analysts III," "Information Analysts," "Information Analysts II," and "Information Analysts III" in California during the applicable statutory period of February 3, 2011 to the present (the "AGGRIEVED EMPLOYEES").

(ECF No. 10, §94).  The Court finds that Plaintiff may have the requested discovery regarding any of the 16 identified individuals who are or were employed by Defendants as Business Analysts or Information Analysts in California from February 3, 2011 to date.  The Court finds that to the extent any of these individuals whose employment records may be discovered executed general releases as part of a severance agreement or agreed to binding arbitration regarding their employment claims, those matters are better considered in the context of whether their claims can be maintained in this action and should not, in this case, preclude discovery.  To the extent that Plaintiff seeks to broaden the represented aggrieved employees beyond the 16 he has identified, the Court will require a showing that such employees are likely to be aggrieved and are within

the group identified by Plaintiff in his First Amended Complaint.

## Conclusion

For the foregoing reasons, as presented in this Joint Motion, Plaintiff's motion to compel Defendants to respond to Set Three Interrogatories 17 and 18 and Set Five Requests for Production 1 and 2 is **GRANTED IN PART AND DENIED IN PART** as set forth herein. Defendants must respond regarding any of the 16 individuals as identified in Set Three Interrogatories 17 and 18 who are or were employed by Defendants as Business Analysts or Information Analysts in California from February 3, 2011 to date.

IT IS SO ORDERED.

DATED: January 10, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge